UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-01570 JAR |
| | ) |
| CITY OF SAINT LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to extend the deadline for joinder of additional parties and amendment of pleadings. (Doc. No. 82). Plaintiffs also request the Court issue an order requiring Defendants to disclose the identities of the remaining John Doe defendants. Defendants oppose the motion and request the John Doe defendants be dismissed without prejudice. The motions are fully briefed and ready for disposition. For the following reasons, Plaintiff's motion to extend the deadline for joinder of additional parties or amendment of pleadings will be granted, but his request for an order requiring disclosure of the John Doe defendants will be denied.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 738-739 (8th Cir. 1994). However, an action may initially proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). The dismissal of a fictitious party becomes proper "only when it appears that the true identity of the defendant cannot be learned through discovery or the court's

intervention." Id. Although John Doe discovery has been ongoing for several months now, an additional 60 days does not seem unreasonable. The progress made thus far in identifying the John Doe defendants illustrates the benefits of additional discovery. Additionally, the ongoing COVID-19 pandemic has caused numerous delays and likely impacted the quality of discovery. Lastly, granting Plaintiff's motion to extend the deadline for joinder of additional parties and amendment of pleadings to allow for additional discovery will not otherwise interfere with the case management order. Therefore, the Court sees no reason to deny Plaintiff's request. However, given the number of officers involved and the confusion on the day of the incident, it is not the type of case amenable to an order requiring disclosure. Moreover, Defendants have represented that they have provided all available information and have no additional superior means of identifying which officers, if any, had physical contact with Plaintiff. The Court cannot order a party to do something they cannot do.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to extend the deadline for joinder of additional parties and amendment of pleadings [82] is **GRANTED.** Plaintiff is granted up to and including **Friday, August 28, 2020** to join additional parties and/or amend pleadings.

**IT IS FURTHER ORDERED** that Plaintiff's request for an order requiring disclosure of the remaining John Doe defendants is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint [83] is **DENIED** as moot.

Dated this 29th day of June, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**